NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LEMEL DETANIO HANKSTON, )     No. 16-16953
)
   Petitioner-Appellant, )     D.C. No. 2:13-cv-01601-JCM-GWF
)
   v. )     MEMORANDUM[*]
)
DWIGHT NEVEN, Warden; )
ATTORNEY GENERAL FOR )
THE STATE OF NEVADA, )
)
   Respondents-Appellees. )
)

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted April 10, 2018
San Francisco, California

Before: THOMAS, Chief Judge, FERNANDEZ, Circuit Judge, and EZRA,[**]
District Judge.

Lemel Detanio Hankston appeals the district court's denial of his petition for

a writ of habeas corpus.  We affirm.

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]The Honorable David A. Ezra, United States District Judge for the District
of Hawaii, sitting by designation.

(1)    Hankston claims that his trial counsel at his prosecution and conviction in the State of Nevada for attempted murder was ineffective because trial counsel did not seek the testing of bullet casings that were found at the scene of the shooting where the victim was seriously injured. Hankston also claims that his counsel in the post-conviction-relief proceedings was similarly ineffective. The parties agree that Hankston failed to raise that issue in the post-conviction-relief trial court or before the Nevada Supreme Court. Therefore, it is procedurally defaulted. *See Dickens v. Ryan*, 740 F.3d 1302, 1317 (9th Cir. 2014) (en banc). Still, Hankston could pursue the ineffective assistance claim as to trial counsel if he could show cause and prejudice because the default was due to ineffective assistance of his post-conviction-relief trial counsel. *See Trevino v. Thaler*, 569 U.S. 413, 423, 133 S. Ct. 1911, 1918, 185 L. Ed. 2d 1044 (2013); *Martinez v. Ryan*, 566 U.S. 1, 10, 14, 132 S. Ct. 1309, 1316, 1318, 182 L. Ed. 2d 272 (2012). However, in order to do so, he must show that his claim of ineffective assistance of trial counsel is "a substantial one,"[1] which in turn means "that the claim has some merit,"[2] which in turn means that there must be "a 'reasonable probability that, but

---

[1] *Martinez*, 566 U.S. at 14, 132 S. Ct. at 1318; *see also Trevino*, 569 U.S. at 423, 133 S. Ct. at 1918.

[2] *Martinez*, 566 U.S. at 14, 132 S. Ct. at 1318.

2

for counsel's unprofessional errors, the result of the proceeding would have been different.'"[3]

Succinctly put, Hankston had to make a substantial showing that trial counsel's failure to test the bullet casings was both professionally unreasonable[4] and prejudicial.[5] On the record before us, we agree with the district court that Hankston has not met that standard. In short, while in hindsight[6] it is conceivable that more than one weapon was fired at the time of the shooting, no witness at the time of the trial (or, actually, since then) stated that was the case. More than that, Hankston did not tell counsel that he fired a weapon in self-defense,[7] and nothing about the casings themselves or their location at the scene of the shooting so suggests. We cannot say that there was a substantial showing that counsel was

---

[3] *Runningeagle v. Ryan*, 825 F.3d 970, 982 (9th Cir. 2016) (quoting *Strickland v. Washington*, 466 U.S. 668, 694, 104 S. Ct. 2052, 2068, 80 L. Ed. 2d 674 (1984)), *cert. denied*, __ U.S. __, __, 137 S. Ct. 1439, 1439, 197 L. Ed. 2d 653 (2017).

[4] *See Strickland*, 466 U.S. at 687–91, 104 S. Ct. at 2064–66.

[5] *Id.* at 691–94, 104 S. Ct. at 2066–68.

[6] Of course, we should eschew the temptation to use hindsight. *Id.* at 689, 104 S. Ct. at 2065.

[7] *See id.* at 691, 104 S. Ct. at 2066. We note that the post-conviction-relief court reasonably so held. *See Gulbrandson v. Ryan*, 738 F.3d 976, 987 (9th Cir. 2013).

3

deficient when he chose to pursue a defense of misidentification of Hankston as the one who fired a weapon rather than asserting some other defense—someone else was shooting at Hankston, or someone else was shooting at the victim at the same time that Hankston was shooting.[8] By the same token, counsel was not deficient when he failed to test the bullet casings.

(2) We decline to issue an expanded Certificate of Appealability[9] on the other claims raised by Hankston before the district court and pressed upon us here. As the district court noted, virtually all of those claims are procedurally defaulted because they were not raised before the Nevada Supreme Court. *See Coleman v. Thompson*, 501 U.S. 722, 750, 752–53, 111 S. Ct. 2546, 2565, 2566, 115 L. Ed. 2d 640 (1991); *see also Martinez*, 566 U.S. at 17, 132 S. Ct. at 1320. The remaining claim amounts to an attack on the post-conviction-relief court's determination of the facts regarding two witnesses[10] and application of the law thereto,[11] but in neither instance has Hankston "made a substantial showing of the denial of a

---

[8] *See Strickland*, 466 U.S. at 690–91, 104 S. Ct. at 2066.

[9] *See* 28 U.S.C. § 2253(c)(1); *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604, 146 L. Ed. 2d 542 (2000); *Murray v. Schriro*, 745 F.3d 984, 1002 (9th Cir. 2014); *see also* 9th Cir. R. 22-1(e).

[10] *See* 28 U.S.C. § 2254(d)(2). For example, one was expressly found not credible and neither saw the shooting.

[11] *See id.* at (d)(1).

4

constitutional right" arising out of those determinations.[12]

AFFIRMED.

---

[12]28 U.S.C. § 2253(c)(2); *Murray*, 745 F.3d at 1002; *see also Harrington v. Richter*, 562 U.S. 86, 101–05, 131 S. Ct. 770, 786–88, 178 L. Ed. 2d 624 (2011); *Gulbrandson*, 738 F.3d at 987.